[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This action was brought by Archibald B. Kenyon, as executor of the estate of Marguerite E. Boyle, seeking to clear a cloud on the title to land located on Fifth Avenue in Narragansett, R.I. The parties submitted an Agreed Statement of Facts along with Memorandum of Law for the Court's consideration.
FACTS
The facts pertinent to this decision are as follows: On August 23, 1930 James and Mary Kingston transferred and recorded a warranty deed to Owen and Ellen Boyle as Joint Tenants for the plot of land located on Fifth Avenue in Narragansett. On that same day, Owen and Ellen Boyle executed and recorded a Mortgage Deed to James and Mary Kingston to secure payment of $3,000. The parties also entered into an Agreement on that same day, but not recorded until 1967, in which the Boyles among other provisions, granted the Kingstons a Right of First Refusal.
In 1940 Owen Boyle, having become the sole owner of the land upon Ellen Boyle's death, conveyed the land to himself and his wife, Marguerite Boyle as Joint Tenants. After James Kingston's death, Mary Kingston, in 1943, transferred to her daughter, Jennie Loughery, any and all rights in the 1930 Agreement.
In 1947, upon full payment of the Mortgage debt, Jennie Loughery recorded a discharge of Mortgage in the Land Evidence Records. Thereafter, in 1964, Jennie Loughery died leaving as her sole heirs her two daughters, Anne Anderson and Irene Eckerson. Owen Boyle then died in 1966 leaving Marguerite Boyle as the sole owner of the Real Estate in question.
In October, 1984, Marguerite Boyle, having decided to sell the land in question, engaged a Real Estate Broker and solicited offers for the land. Upon receipt of an offer for $50,000, Marguerite Boyle, by and through her attorney Archibald Kenyon, contacted Anne Anderson and Irene Eckerson in January, 1985, purportedly in compliance with the 1930 Agreement and offered them the land for $50,000. Ms. Anderson's and Ms. Eckerson's attorney informed Mr. Kenyon that the sisters were willing to purchase the land for $47,000. This amount represented the original $50,000 offer minus the Real Estate Broker's commission of $3,000.
Marguerite Boyle never sold the land and thereafter died on June 18, 1985. Mr. Kenyon, acting as executor of the estate of Marguerite Boyle, again offered the property to Ms. Anderson and Ms. Eckerson in March, 1986 for $65,000. The sisters again responded that they would exercise their right for the purchase price of $47,000. Mr. Kenyon rejected this counteroffer. Thereafter, Irene Eckerson assigned her rights under the 1930 Agreement to her sister, Anne Anderson, and this suit ensued.
I
At issue in this case is the meaning and effect of the Right of First Refusal contained in the 1930 Agreement. The Court has carefully reviewed all the facts and documents stipulated to by the parties. The Court is satisfied that it was the intent of the parties in entering into this Agreement in 1930 to create a Mortgage Agreement; that is, an Agreement delineating the mortgagors' rights and duties for the time that the Mortgage was outstanding. Upon satisfaction and discharge of the Mortgage in 1947, the Court is of the opinion that all rights and responsibilities of the mortgages and mortgagors were terminated. This includes the Right of First Refusal.
In reading the Agreement in its entirety, the Court concludes that it was not the parties' intent, upon execution of the Agreement, for the Right of First Refusal to survive the Mortgage and continue in existence in perpetuity. This is supported first by the fact that the Agreement was not recorded in the Land Evidence Record on the date of execution like the other documents executed on that day. Rather, the Agreement was recorded in 1967,AFTER all of the original parties to the Agreement had died and after the Mortgage had been discharged.
The Court's conclusion that the Right of First Refusal was extinguished upon discharge of the Mortgage is supported by the language in the Agreement itself. In the clause creating the Right of First Refusal, it is the mortgagees who were granted the Right of First Refusal and the mortgagors who granted such right. Upon discharge of the Mortgage there is no longer a mortgagee who will benefit from this right. The language binding the mortgagors and mortgagees "heirs, executors, administrators and assigns" is consistent with this conclusion in that it was possible for the parties to foresee the death of one or all of the parties prior to the payment of the Mortgage. In fact, two of the original parties, James Kingston and Ellen Boyle, did die prior to the discharge of the Mortgage.
This Court's decision is further supported by looking at the Agreement in its entirety. The covenant of the Right to First Refusal is part consideration for the method and mode of the Mortgage payments and is delineated as such in the Agreement. The Agreement reads: "Now therefore in consideration of the mutual promises herein contained, it is hereby agreed by and between the parties hereto that said $15 per month in advance shall be applied" to interest and principal. This carefully drafted Agreement then goes on to explicitly spell out the Mortgage payments and interests; the date and time of the payments; as well as the express allocation of each payment between interest and principal.
In addition, were this Court to decide that the Right of First Refusal exists ad infinitum, it would follow that the other clauses in the Agreement should also survive. That would mean that all future owners of the property would be required to keep an insurance policy on the property payable to the "mortgagees or their executors, administrators or assigns." This insurance provision was clearly not meant to outlast the life of the Mortgage, and the Court finds that the Right of First Refusal likewise was not intended to survive discharge of the Mortgage debt.
II
Therefore, this Court finds that the Right to First Refusal contained in the 1930 Agreement was given as part security for the Mortgage debt. Upon full payment and discharge of the Mortgage all the mortgagees' rights under the Agreement were terminated. Accordingly, the Right of First Refusal is hereby declared null and void and shall not constitute a cloud on title of the subject property.